Curia, per

O’Neall, J.
On the question whether Brown can maintain this action, I think there can be no doubt. “Where one person makes a promise, for the benefit of a third person, that third person may maintain an action on such promise.” Schemerhorn vs. Vanderheyden, 1 J. R. 140. Here, the notes and property were delivered to O’Brien by Hieronymus, upon his undertaking to deliver them to Brown. Failing to perform, an action against him accrued to Brown in that behalf. When it is sheAvn that the property has been sold, and converted into money, and the notes collected, the question is, whose money is it? To whose use did the defendant receive it? The answers are, it is Brown’s money ; and being his, it was received to his use. For I have always believed that where the money of A was in the hands of B,>the action for money had and received, lay at the suit' of A to recover the money, and the privity of contract, if such an abstraction be necessary, arose from the possession of the money.
The second question, whether Hieronymus was competent, is that about which my mind has hesitated. I have no doubt, if the fact of the possession of the notes and property belonging to Hieronymus, is, by other proof, shewn to be in O’Brien’s hands, and that he claims as a creditor of Hieronymus, that then Hieronymus is competent to prove that he placed the fund in O’Brien’s hands to be paid or delivered to Brown. For, in such a state of things, his interest would be precisely equal. But if his testimony is relied on to prove that the notes and property belonged to him, and were delivered by him to O’Brien, then, it seems to me, he would be interested, and could not be examined; for, in that case, the effect of his testimony would be to create a fund from which he was to receive a benefit. 2 Phill. Ev. by C. & H. 115. In the case of Schemerhorn vs. Vanderheyden, the witness to whom the promise was made for the plaintiff proved it, but he had no *271 possible interest whatever in it. The cases cited from our own reports, Sims vs. DeGraffenreid, quoted in 2 Hill, 444; Knight vs. Packard, 3 McC. 71; Wilburn vs. Parham, Harp. 375, will not aid the plaintiff. For, in Sims vs. DeGraffenreid, Dr. Ramsay, the witness, had no interest whatever, having conveyed without warranty. Here, Hieronymus cannot be looked upon as having conveyed without warranty, for if Brown were liable for Kinloch, Phillips & Co’s, debt, and this fund were not recovered, Hieronymus would still be liable to Brown. In Knight vs. Packard, the question was, whether a party to an instrument, the indorser, could be allowed to testify against it by proving usury. It was held that he could, inasmuch as he was borrower, and, by law, he was made competent to prove the usury, and being a party to a negotiable instrument, did not prevent him from testifying against it. The same thing, in principle, was affirmed in Wilburn vs. Parham, where it was held that a person who had executed a bill of sale, might shew, by his own oath, that it was fraudulent. Here, no such question arises. In Smith vs. Littlejohn, 2 M’C. 362, a donor was held to be competent to prove the gift. That case proceeds upon the plain principle, that the witness could be neither gainer nor looser by the event. In Alston vs. Huggins, Tread. 688; 3 Brev. 185, the principle which I have already conceded, that where a witness’s interest is equal on 'both sides, he may be sworn, is laid down. And if it could be shewn here, that the witness’s interest was equal, I should have no doubt about his competency. That depends upon facts which are only important after the fact has been proved, that his property or money is in the defendant’s hands for Brown’s use. If that had been first shewn by indisputable testimony, or if the jury had been instructed that if they were satisfied of that fact by other testimony than Hieronymus’s, that then they might resort to his testimony for the fact that he had directed it to be delivered or paid to Brown, I should have been perfectly satisfied with the decision below. But Hieronymus proved the property and notes to be his: this was creating the fund for his own benefit. It is true, that Mr. Brady proved O’Brien’s state- *272 rnent, that the amount collected had been applied to other debts, thereby virtually admitting that the fund was Hieronymus’s; and if the jury had been told to look to his proof alone on that fact, or if Hieronymus had not been allowed to prove that the property and notes, deposited by him in O’Brien’s hands, were his, and his testimony had been directed to the manner in which the fund was by him directed to be applied, the case would be free from difficulty ; but as it stands, it seems to me Hieronymus was interested, and was, therefore, incompetent. It may be, if Brown releases him, and he releases any eventual interest which he may have in the fund, that he may thus be made competent on the next trial.
The motion for a new trial is granted.
Richardson, Butler, Wardlaw and Frost, JJ. concurred.